UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**AUSTIN F. WESTBROOK**                                                  **CIVIL ACTION**

**VERSUS**                                                                     **NO. 11-599**

**PIKE ELECTRIC, L.L.C., ET AL.**                                 **SECTION "K"(5)**

## ORDER AND REASONS

Before the Court is Defendants' Motion to Dismiss or Transfer under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406 and Alternative Rule 12(b)(6) Motion to Dismiss (Doc. 12) filed by defendants, Pike Enterprises, Inc. And Pike Electric, LLC.[1] Having reviewed the pleadings, memoranda and the relevant law, the Court is prepared to rule.

This Court previously considered defendants Pike Electric, LLC and Pike Entergy Solutions LLC's Motion to Dismiss in a ruling issued on June 30, 2011. In that ruling, the Court considered the First Amended Complaint of plaintiff Austin F. Westbrook and ruled that this matter would not be transferred to Delaware; that the motion to dismiss for breach of implied good faith and fair dealing as to Pike Electric was denied, but that the motion to dismiss with respect to the claim for enrichment without cause was granted. For the same reasons cited therein, this suit will not be transferred to Delaware as sought by Pike Enterprises, Inc.; the claim of good faith and fair dealing as against Pike Enterprises, Inc. shall proceed, but the claims for enrichment without cause against Pike Enterprises, Inc. shall be dismissed.(Doc. 14).

Thus, what remains are the issues raised in the "new" Counts 6 and 7 of the First Amended Complaint. Plaintiff in Count 6 contends that Pike Electric, LLC ("Pike Electric") and

---

[1] The Court here recognizes that Pike Electric, LLC and Pike Enterprises, Inc. are affiliated companies and are separate legal entities, contrary to any misstatement made by this Court in its previous ruling. (Doc. 12 at 2).

Pike Enterprises, Inc. ("Pike Enterprises") have violated the Louisiana Unfair Trade Practices Act ("LUTPA"), La. Rev. Stat. Ann. § 51:1401, *et seq.*  In Count 7, plaintiff contends that Pike Electric and Pike Enterprises have engaged in unfair competition.

**Background**

The Court outlined the facts at issue in this case in its previous ruling; however, some facts bear repetition and further examination in light of the First Amended Complaint and plaintiff's new allegations with respect to the violation of LUTPA.

Westbrook contends that from 1984 through June of 2004 he was employed by Red Simpson, Inc. with his last position being President of Eastern Operations for that company. (Original Petition, ¶ 9).  Red Simpson, Inc. was acquired by Pike Electric, and plaintiff was hired as Regional Vice President.  He contends that he was entitled to wages, medical and health benefits, vacation benefits and company stock options under the terms of his employment.  He maintains that while employed he was twice demoted with cuts in pay and benefits.  Then, on January 12, 2009, Westbrook, while serving as the Operations Vice President, was required to sign an Employment Agreement with Pike Electric.[2]

The Employment Agreement contained the following salient provisions with Westbrook being referred to therein as "Executive":

---

[2] Pike Electric, Inc. was the entity which entered into this contract; however, it was converted to a limited liability company, Pike Electric, LLC.

### 6. TERMINATION OF EMPLOYMENT

**D. Termination Without Cause; Voluntary Termination.**

Either the Company or the Executive may terminate employment without cause at any time.

**E. Payments in the Event of Termination.**

. . .

**iii. Termination by Executive Not for Cause**

If Executive's employment is terminated . . . by Executive not for cause, and subject to **Executive entering into a Separation Agreement and General Release** and abiding by the Restrictive Covenants in Paragraph 7 of this Agreement, Executive will receive the following benefits:

a. Severance payments equal to twelve months of Executive's annual Base Salary at termination payable of a schedule determined by Employer.

b. Continuation of Executive's medical and health benefits for the lesser of twelve (1) months or the period ending on the date Executive become entitled to medical and health benefits as a result of subsequent employment, or otherwise.

c. Award of vested options and/or restricted stock.

### 7. RESTRICTIVE COVENANTS.

**B. Non-Competition.**

Executive acknowledges that Company's business is highly competitive. Executive agrees, for the consideration stated in this Agreement, that Executive will not for one**(1) year from the date of termination, directly or indirectly, engage in any competing business of a customer or competitor at a level of responsibility that is equal to or greater than that which Executive occupies on the effective date of this Agreement.**

**C. Non-Solicitation of Customers and Employees.**

Executive recognizes that Executive will possess confidential and valuable information not generally known about Company and other employees of Company and agrees that for one (1) year from termination of employment, regardless of the reason for termination, **Executive will not, directly or indirectly, solicit or recruit any employee of the Company for the purpose of being employed by Executive or by any business on whose behalf Executive is acting as an agent, representative or employee.**

(Rec. Doc. 5-1, pp. 3 and 4 of 6) (emphasis added).

The relationship between the Pike Electric and plaintiff deteriorated, and Westbrook resigned on January 27, 2011. Plaintiff contends that on February 9, 2011, he was told that neither Pike defendant was going to pay the vacation or severance payments due to him under the Employment Agreement. (First Amended Complaint, ¶ 25). Furthermore, no monies or benefits were paid, and no separation agreement as contemplated by the Employment Agreement was forthcoming.

On February 28, 2011, plaintiff filed the instant suit in the 22nd Judicial District Court in St. Tammany Parish, and one month later on March 29, 2011, the Pike defendants sent to Plaintiff a Separation Agreement and General Release ("Release"). The Non-Solicitation and Non-Competition terms of this new document, which under the Employment Contract ¶6(E)(iii) he would be required to execute, allegedly are materially more onerous than described in the Employment Agreement. For example, Paragraph 7(a)(i) of the Release appears to prohibit to engage in **any activity or business** that is in competition, in whole or in part, with the Pike companies rather than tracking the language of the Employment Agreement which stated only that plaintiff could not engage in any competing business of a customer or competitor at a level of responsibility that was equal to or greater than that which Westbrook occupied on the effective date of the agreement. As such, plaintiff contends that this Release far exceeds the scope of ¶7 that which was contemplated under the terms of the Employment Agreement.

Thus, Plaintiff alleges that the Pike defendants have attempted to gain an unfair business advantage by forcing him to agree to a contract that prevents him from working and undermines fair competition. Furthermore, he maintains that the Pike defendants have attempted "to

4

unlawfully expand the scope of the Employment Agreement, intimidate Plaintiff from working and improperly withhold monies due to Plaintiff" and that such actions offend public policy and constitute knowing and intentional unethical, oppressive and unscrupulous behavior in an effort to limit fair competition.  (First Amended Complaint ¶68).

**Applicable Standard**

As this Court noted previously,  "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.' " *In Re: Katrina Canal Breaches Litigation,* 495 F.3d 191, 205 (5th Cir.2007) quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. at 570, 127 S.Ct. at 1974. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly,* 550 U.S. at 556, 127 S.Ct. at 1965 (internal citations omitted). "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his favor, the complaint states any valid claim for relief." *Lowery v. Texas A & M University System,* 117 F.3d 242, 247 (5th Cir.1997) quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1357, at 601 (1969).

**Count 6: Louisiana Unfair Trade Practices Act**

As stated by the Fourth Circuit Court of Appeal for the State of Louisiana:

> The Louisiana Unfair Trade Practices and Consumer Protection Law is set forth in La. R.S. 51:1401, *et seq.* It declares unfair methods of competition, as well as unfair or deceptive acts or practices in the conduct of any trade or commerce, to be unlawful. An act is not required to be both unfair and deceptive. What constitutes unfair and/or deceptive practices is not specifically defined, but is determined on a case-by-case basis. *Core v. Martin,* 20,528 (La.App. 2 Cir. 5/10/89) 543 So.2d 619, 621. The Unfair Trade Practices Law does not prohibit sound business practices, the exercise of permissible business judgment or appropriate free enterprise transactions. A practice is unfair when it offends public policy and when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers. *Ahmed v. Bogalusa Kidney Care Center,* 89-0313 (La.App. 1 Cir. 4/10/90) 560 So.2d 485, 489. Conduct is considered unlawful when it involves fraud, misrepresentation, deception, breach of fiduciary duty or other unethical conduct. *United Group of Nat. Paper Distributors, Inc. v. Vinson,* 27,739 (La.App.2 Cir. 1/25/96), 666 So.2d 1338. A defendant's motivation is a critical factor; the actions must have been taken with the specific purpose of harming the competition. Id.; **8 *Monroe Medical Clinic, Inc. v. Hospital Corp. of America*, 24,426 (La.App. 2 Cir. 7/21/93) 622 So.2d 760.

*Harris v. Poche,* 930 So.2d 165, 171 (La.App. 4 Cir. 2006).

Clearly, in this instance, the facts alleged by plaintiff could be considered by a fact finder as constituting oppressive tactics. Mr. Westbrook contends that he was denied compensation and benefits unfairly. In essence, Westbrook alleges that the defendants, in essence using economic extortion, attempted to force him into signing an agreement which was more onerous than that to which he had agreed and in essence left him without the ability to earn a living.. He has stated a claim under LUPTA and the Court will deny the Pike defendants' motion in that regard.

**Count 7: Unfair Competition**

Plaintiff alleges a separate cause of action for "unfair competition;" however, the claim is based on the identical allegations of Count 6. Plaintiff contends that defendants allegedly attempted to limit competition by unlawfully requiring Westbrook to sign a Release that did not

comply with the terms of the Employment Agreement "and/or intimidating him from working in the same industry in which the Pike Defendatns operate." (Doc. 5, ¶71).  The Amended Complaint further states "As (sic) result of the Pike Defendants' unethical, oppressive and unscrupulous behavior, Plaintiff has suffered and continues to suffer damages in an amount to be determined at trial.  (Doc. 5, ¶72).

Clearly, "unethical, oppressive and unscrupulous behavior" is what constitutes an unfair practice under LUTPA as cited above.  *See Ahmed v. Bogalusa Kidney Care Center,* 89-0313 (La.App. 1 Cir. 4/10/90) 560 So.2d 485, 489.  Defendants note that plaintiff has not cited any law outside of LUTPA for the proposition that there is a cause of action for this activity, and the Court is unaware of any claim outside of LUTPA that would provide relief for the defendants alleged misdeeds.  Accordingly, the Court finds merit in the Pike defendants' motion in that regard.  Accordingly,

**IT IS ORDERED** that  Pike Electric, LLC and Pike Enterprises, Inc.'s Rule 12(b)(6) Motion to Dismiss (Doc. 12) is **DENIED** with respect to Pike Enterprises, Inc.'s alleged breach of implied good faith and fair dealing claim and **GRANTED** with respect to Pike Enterprises, Inc.'s alleged enrichment without cause claim.

**IT IS FURTHER ORDERED** that Pike Electric, LLC and Pike Enterprises, Inc.'s Rule 12(b)(6) Motion to Dismiss (Doc. 12) is **DENIED** with respect to Count 6 and **GRANTED** with respect to Count 7.

New Orleans, Louisiana, this 7th day of September, 2011.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**